IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMIE L. BAKER, | § | |
| | § | No. 19, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1403009360 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: March 6, 2023
Decided: April 6, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Jamie L. Baker, filed this appeal from the Superior Court's denial of her motion for sentence review. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Baker's opening brief that the appeal is without merit. We agree and affirm.

(2)    In 2014, Baker was indicted for first-degree murder and other offenses arising from the death of her husband, James D. Baker II. On February 6, 2017, she pleaded guilty to the lesser-included offense of second-degree murder, in exchange for which the State agreed to dismiss the other charges. Following a presentence

investigation, the Superior Court sentenced Baker to fifty years of Level V incarceration, suspended after forty years for decreasing levels of supervision.

(3) Baker did not file a direct appeal. In 2018, she filed a motion for postconviction relief, in which she asserted that her counsel provided ineffective assistance and other claims. The Superior Court denied the motion, and Baker did not appeal. On December 30, 2022, Baker filed a motion for sentence review. The Superior Court denied the motion because the court found no extraordinary circumstances warranting review of the sentence more than ninety days after the sentence was imposed. Baker has appealed to this Court.

(4) We review the Superior Court's denial of a motion under Rule 35(b) for abuse of discretion.[1] Under Rule 35(b), a motion for reduction or modification of sentence must be filed within ninety days of sentencing, unless the defendant demonstrates "extraordinary circumstances" or the Department of Correction files an application under 11 *Del. C.* § 4217.[2] Baker claims that her counsel provided ineffective assistance, causing her to plead guilty, and asserts that she was denied the right to have an expert analyze the toxicology evidence relating to her husband's death. We cannot conclude that the Superior Court abused its discretion by denying Baker's motion. Baker's claims do not demonstrate extraordinary circumstances

[1] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014).
[2] DEL. SUPER. CT. R. CRIM. PROC. 35(b).

that overcome the time limitation of Rule 35(b) or establish entitlement to relief under that rule.[3]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *Cf. Davis v. State*, 2016 WL 358965, at *2 (Del. Jan. 28, 2016) ("The proper procedural vehicle for an ineffective assistance of counsel claim is Rule 61, not Rule 35."); *Anderson v. State*, 2017 WL 446889 (Del. Jan. 20, 2017) ("To the extent Anderson challenges his conviction, Rule 61, not Rule 35, is the exclusive remedy for a person seeking to set aside a judgment of conviction . . . ."); *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (explaining the narrow function of Rule 35 and that it is "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence" (internal quotation omitted)).